## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

RICKY MIKE CAMP,
DOB: 08/22/1992

Defendant.

) CRIMINAL CASE NO. **CF0627-19**
) GPD Report No. 19-33886/GCPO-19-055
)
)
)
)
)
)
) **DECISION & ORDER**
) **RE. DEFENDANT'S *EX PARTE***
) **MOTION TO DISQUALIFY SPECIAL**
) **ASSISTANT ATTORNEY GENERAL**
)
)
)

This matter came before the Honorable Alberto E. Tolentino on November 8, 2023, for a Motion Hearing to address Defendant Ricky Mike Camp's ("Defendant") *Ex Parte* Motion to Disqualify Special Assistant Attorney General. At the hearing, Attorney Joaquin C. Arriola, Jr. appeared on behalf of the Defendant. Special Assistant Attorney General ("SAAG") William B. Pole and Assistant Attorney General ("AAG") Lewis K. Harley appeared on behalf of the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING IN PART** and **DENYING IN PART** the Defendant's *Ex Parte* Motion.

\\

\\

## BACKGROUND

In 2019, Defendant was charged with: (1) IMPORTATION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a First Degree Felony); (2) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony); and (3) POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Indictment (Dec. 6, 2019). The Defendant has been released from confinement since November 2019. As a condition of his pre-trial release, the Defendant is required to check in with the Probation Services Division ("Probation") once a week in person. Order (Nov. 22, 2019). He was also required to post a personal recognizance bond of $20,000.00. *Id.*

Since his release, Probation has filed four Violation Reports for the Defendant's failure to report weekly to Probation and to submit to random alcohol and drug testing.[1] On October 13, 2023, Attorney William Pole made his first appearance as a SAAG through filing an *Ex Parte* Motion to Revoke Defendant's Pretrial Release. Ppl.'s *Ex Parte* Mot. (Oct. 13, 2023). The People argued that the Defendant's pre-trial release should be revoked and his $20,000.00 personal recognizance bond should be forfeited due to all his violations. *Id.* at 2–3.

On October 16, 2023, the Defendant filed an *Ex Parte* Motion to Disqualify the Special Assistant Attorney General ("*Ex Parte* Motion"), seeking to disqualify SAAG Pole and "any other 'Special Assistant Attorney General' who is engaged in the private practice of law, from prosecuting this case on behalf of the People of Guam." *Ex Parte* Mot. (Oct. 16, 2023). The People filed an Opposition on October 24, 2023; and the Defendant subsequently filed his Reply on November 7, 2023. After hearing oral arguments on the motion, the court took the matter under

---

[1] 1st Violation Report (July 14, 2022); 2nd Violation Report (Oct. 11, 2022); 3rd Violation Report (Aug. 14, 2023); 4th Violation Report (Sept. 25, 2023).

advisement on November 8, 2023. Thereafter, the Defendant filed Supplemental Exhibits[2] and a Supplemental Memorandum;[3] each provide further context for matters discussed at the November 8, 2023 hearing.

## DISCUSSION

In Guam, "[t]he current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20. "[D]isqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety. *Id.* ¶ 14. (quoting *Roush v. Seagate Tech., LLC*, 58 Cal. Rptr. 3d 275, 281 (Ct. App. 2007)). However, disqualification is appropriate for "inevitable and material conflicts." *Id.* ¶ 17.

The moving party has the burden to establish the "necessary factual prerequisite" for disqualification. *Bottoms v. Stapleton*, 706 N.W.2d at 418; *accord Haraguchi v. Superior Court*, 182 P.3d 579, 582 (Cal. 2008) ("defendants bear the burden of demonstrating a genuine conflict; in the absence of any such conflict, a trial court should not interfere with the People's prerogative to select who is to represent them."); *In re Texas Windstorm Ins. Ass'n*, 417 S.W.3d 119, 129 (Tex. Ct. App. 2013) ("When a movant seeks disqualification based on an alleged violation of a disciplinary rule, he must carry the burden to establish the violation with specificity.").

The Defendant cited several rules as support for SAAG Pole's disqualification, including Guam Rules of Professional Conduct ("GRPC") 1.7 and 8.4, and 5 G.C.A. § 30113. *Ex Parte* Mot. (Oct. 16, 2023); *see* Reply (Nov. 7, 2023).

\\

---

[2] Def. supp. Ex. (Nov. 13, 2023).
[3] Def. supp. Memo. (Nov. 13, 2023).

**A. GRPC Rule 1.7 requires the Defendant to show that SAAG Pole's appointment results in a "significant risk" of violating the Rules of Professional Conduct.**

GRPC Rule 1.7(a) provides, as follows:

**Rule 1.7: Conflict of Interest: Current Clients.**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or
(2) *there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.*

Guam Rules Prof'l Conduct 1.7(a) (emphasis added). The court will now examine whether SAAG Pole's appointment results in a conflict of interest under GRPC Rule 1.7(a); specifically, whether there is a significant risk that his dual representation as prosecutor and defense counsel will materially limit the representation of another client (his criminal defense clients).

1. **Under GRPC 1.7(a), there is a significant risk that Pole's representation of his private criminal defense clients will be materially limited by his SAAG appointment with the OAG.**

In this case, it is the Defendant's burden to prove that there is a genuine conflict of interest between SAAG Pole's appointment with the OAG and his criminal defense clients with his private practice. Pursuant to GRPC 1.7, the Defendant argues that Pole's SAAG employment by the OAG, while simultaneously engaging in his private criminal defense practice, would materially limit his representation on behalf of his private clients, as he may be driven by profit rather than by justice. Reply (Nov. 7. 2023).

Alternatively, SAAG Pole contests that there is no conflict of interest issue present in this case, because the Attorney General appointed Pole as a SAAG "to supplement the AG's existing

prosecutors, whose control flows from the Attorney General of Guam." Opp'n at 5 (Oct. 24, 2023). Pole reasons that, when necessary, the OAG should be allowed to look to the private bar for legal work, especially when the Attorney General determines there are not enough in house attorneys to perform his duties. *Id.*

During the Motion Hearing, SAAG Pole informed the court that he had criminal defense clients with his private practice, despite his employment as a SAAG. Mot. Hr'g Mins. 4:19:09–19:13PM (Nov. 8, 2023). However, the Defendant was unable to present whether SAAG Pole's current private, criminal defense clients present any conflict of interest that would interfere with his representation in this matter. The Defendant also put forward that he was "informed and under the belief that Attorney Pole is now withdrawing from all his criminal cases." Reply at 4 (Nov. 7, 2023). Based on this belief, the Defendant argues that this amounts to an admission that a conflict of interest exists. Aside from informing the court of this belief, the Defendant has not put forward any proof to validate show which of Pole's private clients were affected here or what other criminal cases pose a conflict for Pole in this current matter. While it is understandable that there may be concern in Pole acting as a SAAG at one point in the day and as a private defense attorney at another point, this alone is not enough to become an actual conflict of interest without more proof.

What concerns the court more is the scope of his services as a SAAG for the OAG. In the Motion Hearing, the court addressed the scope of Pole's Legal Services Agreement with the OAG. Pole informed the court that all he has done in this case was file motions; he has not appeared in court. Mot. Hr'g Mins. 3:46:45–46:57PM (Nov. 8, 2023). Section 1 of this Agreement relays the scope of services that Pole is to provide as a SAAG as follows:

\\

**SECTION 1: SCOPE OF SERVICES**

1.1 The services to be performed by the LEGAL CONSULTANT shall consist of the following:

(a) Assisting, advising, co-representing and providing legal consulting service to the OFFICE OF THE ATTORNEY GENERAL OF GUAM regarding matters as assigned and any other duties and responsibilities that the ATTORNEY GENERAL OF GUAM may deem necessary and appropriate ("Services");

(b) Review, analysis, investigation and research necessary to carry out the Services[;]

(c) Preparing, writing and providing to the ATTORNEY GENERAL OF GUAM and/or his designee all documents and instruments, in electronic, magnetic, paper and any other form, which THE LEGAL CONSULTANT or ATTORNEY GENERAL OF GUAM deem necessary or appropriate to carry out said Services; and

(d) Being available upon the reasonable request of the ATTORNEY GENERAL OF GUAM to consult with the members and staff of any committee, board, bureau, institution, office, council, association, instrumentality, commission, department, agency and legislative body of the Territory of Guam, and with any other group or person designated by the ATTORNEY GENERAL OF GUAM.

Def. supp. Ex., Ex. S. (Nov. 13, 2023). Pole cited the following law as a basis for his SAAG authority:

> Notwithstanding any other provision of law for Fiscal Year 2023, the OAG in pursuit of the public interest is authorized to use up to 5% of its FY 2023 appropriation to procure consultants, experts and expert witnesses on a sole-source basis as necessary to pursue local and federal criminal cases and civil cases.

Guam Pub. Law 36-107, ch. 7 pt. I sec. 4 ("P.L. 36-017"). The court pointed out that these contracts under P.L. 36-107 to procure legal consultants are intended for "a particular client, a particular matter." Mot. Hr'g Mins. 4:00:04–01:06PM (Nov. 8, 2023). Pole's Legal Services Agreement does not address the sole-source basis for his SAAG appointment. In his Opposition, SAAG Pole argued that writing motions on a case-by-case basis on the issue of whether a defendant should have their bail revoked does not represent a *per se* conflict with being a defense counsel. Opp'n at 11 (Nov. 7, 2023). While this may be true, this Agreement does not address

this particular case for a particular matter; for example, a motion for bail revocation in CF0627-19. Even if this agreement did address a sole-source basis for Pole's SAAG appointment, filing motions is beyond the scope of both Pole's Legal Services Agreement and permissible contracts for legal consultants pursuant to P.L. 36-107. After reviewing both the applicable section of P.L. 36-107 and the scope of Pole's services, it is the court's view that P.L. 36-107 did not give SAAG Pole the authority to file the *Ex Parte* Motion to Revoke the Defendant's Bail in this case. Mot. Hr'g Mins. 3:22:29– 26:18PM (Nov. 8, 2023). Motion practice, such as filing motions and making appearances before the court, constitutes as the practice of law rather than mere legal consulting permitted under P.L. 36-107. *Id.*

Because Pole has acted beyond the scope of his Legal Services Agreement and legal consultant contracts under P.L. 36-107, the court finds that there is a significant risk that Pole's representation of his private criminal defense clients will be materially limited by his SAAG appointment with the OAG in this case. Therefore, the court finds that a conflict of interest exists.

The court now turns to GRPC Rule 1.7(b), which permits representation notwithstanding a conflict of interest if four elements are satisfied.

\\

\\

\\

\\

\\

\\

\\

\\

## 2. SAAG Pole's appointment with the OAG is an incurable conflict of interest under GRPC 1.7(b), which permits representation notwithstanding such conflict.

GRPC Rule 1.7(b) provides, as follows:

**Rule 1.7: Conflict of Interest: Current Clients.**

> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> > (2) the representation is not prohibited by law;
> > (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> > (4) each affected client gives informed consent, confirmed in writing.

Guam Rules Prof'l Conduct 1.7(b). The court will now analyze each element as it pertains to this case to determine whether Pole may still proceed with his SAAG representation, notwithstanding this conflict of interest.

### (1) SAAG Pole cannot reasonably believe that he will be able to provide competent and diligent representation to each affected client, because he does not believe that there is a conflict of interest in this case.

SAAG Pole states in his Opposition to the *Ex Parte* Motion that "the Rules of Professional Conduct do _not_ mechanically apply to the Attorney General of Guam… since the People of Guam are the client, not govt. officials in their individual capacities." Opp'n at 7–8 (Nov. 7, 2023) (citation omitted). As support, Pole cites *Julia Babauta Santos v. Felix A. Camacho, Art Ilagan, Lourdes M. Perez and Government of Guam*, Civ. 04-0006, Order (Dist. Ct. Guam Sept. 19, 2005). This year, the Guam Supreme Court issued a Declaratory Judgment answering the certified questions submitted by *I Maga'hågan Guåhan* Lourdes A. Leon Guerrero ("the Governor") on the responsibilities of the Attorney General of Guam to the executive branch agencies under the Organic Act of Guam and the laws of Guam. Declaratory J., *In Re: Request of Lourdes A. Leon*

*Guerrero*, (May 31, 2024). In answering the second certified question, the Guam Supreme Court held that "the AG has an attorney-client relationship with executive branch agencies, and the rules of professional conduct apply." *Id.* at 7 (citations omitted).

Because no additional information has been brought to the court in support of Pole's ability to provide competent and diligent representation to each affected client, the court is not convinced that SAAG Pole reasonably believes he can do so in this case. Therefore, the first element under GRPC 1.7(b) is not met.

**(2) P.L. 36-107 does not permit SAAG Pole's representation in this case.**

As mentioned above, the court found that Pole's employment as a SAAG of the OAG was not permitted. The reason for this is that his Legal Services Agreement with the OAG, which outlines the scope of Pole's services as a SAAG, is not permitted under P.L. 36-107. Although the Agreement lays out the language "LEGAL CONSULTANT" or "legal consulting service" within its provisions, subsection (c) states that SAAG Pole was required under this agreement to provide "all documents and instruments, in electronic, magnetic, paper and any other form, which THE LEGAL CONSULTANT or ATTORNEY GENERAL OF GUAM deem necessary or appropriate to carry out said Services." Def. supp. Ex., Ex. S. (Nov. 13, 2023). Under this language, SAAG Pole was permitted to draft and file a Motion for Bail Revocation in this matter;[4] conduct that goes beyond the type of legal consulting that P.L. 36-107 permits. Because Pole's employment as a SAAG is prohibited by law, the second element under GRPC 1.7(b) is therefore not met.

\\

\\

\\

---

[4] Ppl.'s *Ex Parte* Mot. (Oct. 13, 2023).

**(3) The representation does not involve the assertion of a claim by one client against another client SAAG pole represents in the same litigation or proceeding.**

Under this third element, Pole's SAAG representation cannot involve the assertion of a claim by one of Pole's clients against another client of his in the same litigation or proceeding. It is clear that the Defendant is not a client of the Law Offices of William Pole; the Defendant is represented by Attorney Joaquin Arriola Jr. with the Arriola Law Firm. And Pole's client in this matter would be the People of Guam. Therefore, the third element under GRPC 1.7(b) is met.

**(4) It is unclear whether each affected client gave their informed consent, confirmed in writing to this conflict of interest.**

As mentioned above, Pole indicated in the Motion Hearing that he currently represents some criminal defense clients in his private practice. However, Pole has not informed the court that his affected clients with his private practice have given their informed consent, confirmed in writing to his representation as a SAAG in this case. The Defendant has also not put forward proof that SAAG Pole has failed to do so either. Based on the limited information that was presented to the court, the fourth element under GRPC 1.7(b) is not met.

Because not all the elements of GRPC 1.7(b) are not met, SAAG Pole's representation constitutes an incurable conflict of interest. Therefore, SAAG Pole must be disqualified from this case.

\\

\\

\\

\\

\\

\\

## B. GRPC 8.4 requires the Defendant to show that SAAG Pole engaged in professional misconduct.

GRPC 8.4 provides as follows:

**Rule 8.4: Misconduct.**

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

Guam Rules Prof'l Conduct 8.4. Pursuant to GRPC 8.4, the Defendant argues that Pole's representation as a SAAG violates Guam Law 5 GCA § 30113, which in turn implicitly violates GRPC Rule 8.4. *Ex Parte* Mot. at 2 (Oct. 16, 2023). The People conclude that Rule 8.4 "does not preclude private members of the bar to be hired as consultants by the Office of the Attorney General." Opp'n at 9 (Oct. 24, 2023). Before determining whether SAAG Pole engaged in professional misconduct under GRPC 8.4, the court must first analyze whether he violated 5 GCA § 30113.

\\

\\

\\

\\

\\

**(1) 5 GCA § 30113 does not prohibit Pole's engagement as a SAAG.**

The Defendant asserts that Pole's representation in this case as a SAAG constitutes as prohibited outside employment under 5 GCA § 30113, which states:

**Title 5 § 30113. Outside Employment Regulated.**

> Neither the Attorney General nor any person employed in the Department of Law shall engage in outside employment which shall conflict with his duties within the Department of Law. Attorneys employed as classified or unclassified attorneys in the Department of Law, or any attorney employed as classified or unclassified attorneys by any government of Guam agency, department or instrumentality, including semi-autonomous or autonomous agencies or branches of the government of Guam shall not engage in the practice of law outside of the Department of Law, or the agency, department, instrumentality or branch of the government of Guam, unless the attorney is exempted from this restriction because the attorney is a member of the U.S. military armed formed or U.S. Coast Guard serving actively, or serving in the reserves, or state or territorial guard; or unless the attorney is exempted from this restriction because the attorney is performing pro bono service, or teaching or training that is approved by the Attorney General or by the head or director of the agency, department, instrumentality or branch of the government of Guam.

5 Guam Code Ann. § 30113. The "classified or unclassified" language reflects the terminology used in the Government of Guam's Personnel Policy. 4 GCA § 4101 *et seq.*; *see* Department of Administration Personnel Rules and Regulations. By statute, "[a]ll office and employment in the Government of Guam . . . shall be divided into classified and unclassified services." 4 GCA § 4102. Therefore, all workers—including attorneys—who are "employed" by the Government of Guam are within either the classified or unclassified service. But independent contractors are not considered employees.

The contractor-or-employee designation is relevant here, because this statute only applies to attorneys with the Department of Law and attorneys for the Government of Guam. Pole's Legal Services Agreement provides that he is an independent contractor, "not an employee of the Department of Law for the purpose of performing the Services hereunder." Def. supp. Ex., Ex.

S (Nov. 13, 2023). For example, his contract is for a limited term,[5] excludes SAAG Pole from employee benefits like health or life insurance, and can be terminated by the Attorney General "at any time and for any reason." *Id.* Because Pole is an independent contractor with the OAG, he is not employed by the Department of Law within the meaning of 5 GCA § 30113. Therefore, the SAAG did not violate § 30113 by his SAAG engagement.

**(2) SAAG Pole did not violate GRPC 8.4, because he did not violate 5 GCA § 30113.**

Given the tenor of the Defendant's argument that SAAG Pole is engaging in "prosecution for profit," the court construes the Defendant's argument as one under GRPC 8.4(d) – that is, an argument that SAAG Pole's participation in this case is "prejudicial to the administration of justice." *Ex Parte* Mot. at 4-5; *see* GRPC 8.4(d). Conduct is "prejudicial to the administration of justice" if it "reflects negatively on the legal profession and sets a bad example for the public at large." *Att'y Grievance Com'n of Maryland v. Trye,* 118 A.2d 980, 992 (Md. 2015); *see also In re Disciplinary Proceedings of Yana,* 2014 MP 1 ¶¶ 34–36. Still, the conduct generally must be "based upon interference which is serious and must include some element of . . . morally reprehensible conduct." *State ex rel. Oklahoma Bar Ass'n v. Bailey,* 530 P.3d 24, 59 (Okla. 2023).

The Defendant cited several law review articles and similar treatises, which generally criticize the practice of outsourcing criminal prosecution to private practitioners. *Ex Parte* Mot. at 3-4 (Oct. 16, 2023). In response, the People cited law review articles showing that private attorneys serving as prosecutors is relatively common across America; one such article estimates that approximately one out of every four state prosecutors serve in that role part-time. Opp'n at

---

[5] Section 3.1 of the Legal Services Agreement provides, "The ATTORNEY GENERAL OF GUAM agrees to compensate the LEGAL CONSULTANT for Services at the hourly rate of two hundred and 00/100 ($200.00) for actual time devoted to performing the Services up to a compensation amount of Twenty-Five Thousand Dollars and no cents ($25.000.00)." Thus, the Agreement contemplates a maximum of 125 hours of work at the $200 per hour rate.

3–4 (Oct. 24, 2023) (citing Roger Fairfax, Jr., *Delegation of the Criminal Prosecution Function to Private Actors*, 43 U.C. DAVIS L. REV. 411, 419 (2009)).

Although the court recognizes the important public policy considerations underlying this issue, the court is disinclined to decide the issue solely on the basis of policy. The Defendant has not cited, nor has the court found, any case in which GRPC 8.4 (or a local equivalent) was used to enjoin the use of part-time prosecutors. Moreover, while the practice of a private practitioner serving as a part-time prosecutors may be fraught with general concerns, the court does not find that SAAG Pole's specific performance of this role rises to the level of "morally reprehensible conduct." *Bailey*, 530 P.3d at 59. Because the court found earlier that SAAG Pole did not violate 5 GCA § 30113, the court therefore does not agree with the Defendant's argument that SAAG Pole violated GRPC 8.4.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

The court finds that William Pole's engagement as a SAAG in this case constitutes as an incurable conflict of interest under GRPC 1.7. However, the court does not find that the Defendant has proven that an incurable conflict of interest exists for other potential Special Assistant Attorney Generals whose identities are unknown. Therefore, the court only disqualifies SAAG William Pole in this case.

The court further finds that Pole's engagement as a SAAG was not prohibited by 5 GCA § 30113; and therefore, he did not violate GRPC 8.4.

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** the Defendant's *Ex Parte* Motion to Disqualify Special Assistant Attorney General.

**SO ORDERED** this _____ OCT 1 5 2024 _____.



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, Arriola_

10/15/24  11:28am
Date        Time
Antonio dlCruz
Deputy Clerk, Superior Court of Guam